JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HOLMES,<br><br>  Plaintiff<br><br>  v.<br><br>PHILLIPS 66 COMPANY et al.,<br><br>  Defendants. | CASE NO. 2:22-cv-09129-JLS-PD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 16)** |

Before the Court is Defendant Phillips 66's motion for summary judgment. (Mot., Doc. 16; Mem., Doc. 16-1.) Plaintiff David Holmes opposed, and Defendant replied. (Opp., Doc. 18; Reply, Doc. 19.) Having heard oral argument and for the following reasons, the Court GRANTS Defendant's motion for summary judgment.

**I.  BACKGROUND**

Plaintiff David Holmes was employed as an Operator Trainee at Phillips 66's Los Angeles refinery. (Def.'s Resp. Statement, Doc. 20 ¶ 12.) An Operator's work "regularly involve[s] hazardous and volatile materials such as crude oil, gasoline, and other liquid hydrocarbon products." (*Id.* ¶ 1.) And an Operator "may be exposed to atmospheres known to have breathing zone airborne concentrations at or above a specified 'Immediately Dangerous to Life or Health' level," as defined by the California Division of Occupational Safety and Healthy ("Cal/OSHA"). (*Id.* ¶¶ 2–3.)

To implement Cal/OSHA regulatory requirements, Phillips 66 adopted a Respiratory Protection Policy, which applies to Operators (among others) and requires that they be fit-tested for and able to wear a tight-fitting respirator mask. (*Id.* ¶¶ 6–9.) That policy provides, "No fit testing shall be conducted if there is any obstruction, including hair growth [of more than 24 hours], between the skin and the face piece sealing surface." (*Id.* ¶ 10.) The Operator job description states that Operators "[m]ust be willing and able to maintain [their] face daily so that a respirator face mask can seal properly (some examples include being free of facial hair and/or clean shaven)." (*Id.* ¶ 13.)

Holmes has a medical condition called pseudofolliculitis barbae. (*Id.* ¶ 18.[1]) On June 27, 2022, Holmes submitted a doctor's note to Phillips 66 indicating that he "should not trim his facial hair less than 1/8 [inch] to 1/4 [inch] to decrease irritation of his skin." (*Id.* ¶ 18.) This medical condition made Holmes unable to maintain his facial hair in the manner required by Phillips 66's Respiratory Protection Policy. (*Id.* ¶ 19.)

---

[1] Defendants assume for purposes of this motion that this medical condition qualifies as a disability under California law. (*See* Mem., Doc. 16-1 at 1 n.1.)

2

One of Phillips 66's Senior Industrial Hygienists researched whether there were regulation-compliant respirators that Holmes could use but was unable to identify any. (Chambers Depo., Doc. 16-9 at 92:11–93:3.)  On July 11, 2022, Phillips 66's Operator Training Coordinator and a member of their Human Resources team informed Holmes that, since they were unable to identify an accommodation that would allow him to safely continue as an Operator, they would attempt to identify alternative vacant positions that he could fill.  (Def.'s Resp. Statement, Doc. 20 ¶¶ 22, 26, 32.)  Neither Phillips 66 nor Holmes was able to identify a vacant position for which Holmes was qualified.  (*Id.* ¶ 31.[2])  On July 19, 2022, Phillips 66 terminated Holmes, effective the following day.  (*Id.* ¶ 35.)

Holmes now asserts six causes of action against Phillips 66 under California's Fair Employment and Housing Act ("FEHA"): (1) disability discrimination; (2) retaliation; (3) failure to prevent discrimination and/or retaliation; (4) failure to engage in the interactive process; (5) failure to accommodate; and (6) wrongful termination.  (Compl., Doc. 1-1 ¶¶ 20–70.)  Holmes seeks compensatory damages, attorney fees, costs, and punitive damages.  (*Id.* at 14–15 (prayer for relief).)  Phillips 66 moved for summary judgment as to all of Holmes's claims.  (Mot., Doc. 16; Mem., Doc. 16-1.)

## II.   LEGAL STANDARD

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact," such that "the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A dispute is "material" if its resolution would "affect the outcome of the suit

---

[2] Here, and throughout his Separate Statement, Plaintiff "disputes" Defendant's factual assertions by pointing to unrelated portions of the record that do not actually call into question Defendant's assertions.  In response to the above assertion, Plaintiff cites—without explaining its possible relevance to the assertion—an internal email in which a Phillips 66 employee states that "we may have a path forward" regarding Plaintiff's employment.  (*Id.*)

under the governing law." *Id.* at 248. And a dispute is "genuine" if the nonmoving party presents "evidence . . . such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see* Fed. R. Civ. P 56(c)(1).

### III.  ANALYSIS

To this day, Holmes has not identified an alternative respirator mask that would have accommodated his medical condition while complying with Cal/OSHA regulatory requirements and Phillips 66's safety policy. Similarly, to this day, Holmes has not identified a single alternative position at Phillips 66 for which he would have been qualified. The Court GRANTS summary judgment on all of Holmes's claims.

#### A. Disability Discrimination; Failure to Engage in the Interactive Process; Failure to Accommodate

Holmes's claims for disability discrimination, failure to engage in the interactive process, and failure to accommodate require that Holmes establish that he could competently perform the essential functions of the Operator position with a reasonable accommodation. *See Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (2000) (discrimination—element of prima-facie case is that plaintiff "was qualified for the position he sought or was performing competently in the position he held"); *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 379 (2015) (failure to engage—"the employee must identify a reasonable accommodation that would have been available at the time the interactive process occurred"); *id.* at 379 (failure to accommodate—"the employee could perform the essential functions of the job with reasonable accommodation").

Here, undisputed record evidence shows that Cal/OSHA regulations and Phillips 66's policy require Operators to wear tight-fitting respiratory masks but that Holmes could not shave his beard to wear such a mask. To resist the conclusion that Holmes was unable to perform the essential functions of the Operator role, he makes three arguments; the Court finds none to be persuasive.

First, Holmes argues that the relevant regulation does not prohibit beards across the board and instead, in a more targeted manner, prohibits "[f]acial hair that comes between the sealing surface of the facepiece and the face or that interferes with valve function." Cal. Code Regs. tit. 8, § 5144(g)(1)(A)(1). (Opp., Doc. 18 at 16–17.) But it is undisputed that Holmes had a full beard—meaning wherever the sealing surface or valve is placed, there would be facial hair. Moreover, to this day, Holmes has not identified a regulation-compliant mask that would allow him to maintain his full beard.

Second, Holmes testified in his deposition that he is aware of one unidentified Operator who had a beard. (Opp., Doc. 18 at 10–11.) However, assuming that Phillips 66 failed to enforce a Cal/OSHA-mandated requirement as to one unidentified employee, that does not place that requirement outside of the essential functions of the Operator role. The Court finds persuasive the Second Circuit's rejection of a similar argument in a federal ADA case:

> Nor can we agree with the Firefighters that the FDNY's failure to consistently enforce the respiratory-protection standard means that complying with the regulation is not a business necessity. In effect, the Firefighters argue that because the FDNY flouted binding safety standards in the past, we must order it to continue doing so in the future. We cannot endorse such a view. Indeed, while the Firefighters' argument may have some purchase in cases concerning an employer's failure to abide by its *own* regulations, the same cannot be said where the regulation was devised by an independent [governmental] agency and is legally binding on the employer.

*Bey v. City of New York*, 999 F.3d 157, 170–71 (2d Cir. 2021).

Third, Holmes quibbles with the amount of time that Phillips 66 employees spent looking for alternative respirator masks and vacant positions for which Holmes might have been qualified. (Opp., Doc. 18 at 10–11, 17, 19.) But this argument misunderstands a plaintiff's burden at summary judgment on a FEHA claim. "[B]y the time the parties have conducted discovery and reached the summary judgment stage," the employee must be

5

able to "identify a reasonable accommodation that would have been available at the time the interactive process occurred." *Nealy*, 234 Cal. App. 4th at 379.  In his opposition, Holmes did not identify a suitable alternative mask or then-vacant position.  Similarly, at oral argument, Holmes conceded that he is not arguing that an alternative mask was available as a reasonable accommodation and that he was not aware of any vacant position for which he would have been qualified.  Because Holmes has no evidence of a reasonable accommodation that would have allowed him to perform the essential functions of his position, he cannot prevail on these claims as a matter of law.

Therefore, the Court GRANTS summary judgment on Holmes's claims for disability discrimination, failure to engage in the interactive process, and failure to accommodate.

### B. Retaliation

To prevail on a retaliation claim, "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action."  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).

Phillips 66 contends Holmes cannot establish causation as a matter of law.  According to Phillips 66, the record shows that Phillips 66 terminated Holmes because no reasonable accommodation was available—*not* because Holmes engaged in the protected activity of requesting an accommodation.  (Mem., Doc. 16-1 at 19–20.)  In response, Holmes makes two arguments.  First, Holmes argues that the temporal proximity between his accommodation request and his termination suggests retaliation occurred.  (Opp., Doc. 18 at 21.)  While temporal proximity can, in certain circumstances, create a dispute as to causation, it does not do so here.  Where an employee is terminated after a determination that no reasonable accommodation exists, there will *always* be a temporal proximity between the accommodation request and the termination.  Plaintiff's proposed rule would require every single case involving a no-reasonable-accommodation determination to

proceed to trial, even where there is no indication of retaliatory animus in the record. Second, Holmes points to certain emails among Phillips 66's employees as suggesting retaliation—without explaining *how* they possibly do so. In one email, an employee states that Phillips 66 "may have a path forward" regarding Holmes's employment. (Opp., Doc. 18 at 21–22.) Another reads: "[Plaintiff] expressed he has been really stressed out about not knowing . . . his job status . . . . I think it['s] best we let him know as soon as possible." (Opp., Doc. 18 at 21.) Far from suggesting retaliation, these emails show an employer's attempt to find a reasonable accommodation for an employee and, if that attempt proved unsuccessful, its desire to promptly inform him of that fact. Holmes has identified no evidence that would allow a factfinder to infer that Holmes was terminated because he requested an accommodation. Therefore, the Court GRANTS summary judgment on Holmes's retaliation claim.

### C. Failure to Prevent Discrimination or Retaliation; Wrongful Termination in Violation of Public Policy

Holmes's failure-to-prevent and wrongful-termination claims are derivative of his above-addressed FEHA claims. *See Trujillo v. N. County Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998) (discrimination or retaliation is an "essential foundational predicate" of a failure-to-prevent claim); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 229 (1999) ("[B]ecause [Plaintiff's] FEHA claim fails, his claim for wrongful termination in violation of public policy fails."). Because the Court granted summary judgment on those claims, the Court also GRANTS summary judgment on these failure-to-prevent and wrongful-termination claims.

### IV. CONCLUSION

For the above reasons, Phillips 66's motion for summary judgment is GRANTED. Within **five days** of the date of this Order, Phillips 66 shall file a Proposed Judgment.

1  DATED: March 21, 2024

**JOSEPHINE L. STATON**
_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE